William J. LaCasse and Betty F. LaCasse, his wife v. Commissioner.
La Casse v. Commissioner
Docket No. 2483-62.
United States Tax Court
T.C. Memo 1964-115; 1964 Tax Ct. Memo LEXIS 222; 23 T.C.M. (CCH) 659; T.C.M. (RIA) 64115; April 28, 1964
William J. LaCasse, pro se, 19162 Braile Ave., Detroit, Mich. Charles H. Powers, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: In their joint income tax return for the year 1960, which petitioners filed with the district director of internal revenue at Detroit, Michigan, they took Betty F. LaCasse's 88-year-old mother as a dependent. Respondent disallowed this dependency credit resulting in his determination of a deficiency in the amount of $156.01. William J. LaCasse appeared pro se and he stipulated with respondent's counsel as to some of the facts and then testified briefly. All that we learn from the record is that Betty F. LaCasse's mother, in 1960, received $501 Spanish-American War pension, and $780 in Social *223 Security benefits, all of which were spent for her personal expenses. The mother was a member of petitioners' household for the year 1960. We were given the 1960 utility bills on the home (less than $300) and it was stipulated the fair rental value of the home was $125 a month. We have no estimate even of the cost of food furnished the mother. All we have is an estimate, testified to by William J. LaCasse, of home expenditures of four or five thousand dollars to cover rent, gas, electricity, food and entertainment. He emphasized this was only an estimate and he said the mother's "share of that expense would be somewhere in the neighborhood of $2200, * * *". Petitioners had the burden of showing the mother was an individual "over half of whose support" in 1960 was received from them. Sec. 152(a) of the Internal Revenue Code of 1954. The record shows the mother's support to the extent of $1,281 was not received from petitioners. To secure the mother as a dependent, petitioners would have to show the mother's total support was more than twice the pension and Social Security benefits she received and that they supplied the balance. This they have not done even *224 by estimates and estimates are often about all the taxpayers can furnish in dependency credit cases. We are impelled to uphold respondent's determination. Decision will be entered for the respondent.